UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WILLIAM JAKOB,

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

Defendant.

**MEMORANDUM & ORDER**
22-CV-03921 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff William Jakob brings this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, against Defendant JPMorgan Chase Bank, N.A. ("Chase") and Exceeding Grace Enterprises, LLC ("Exceeding Grace") (together, "Defendants") for breach of contract against Defendants, as well as unjust enrichment, fraud, fraud in the inducement, promissory estoppel, civil conspiracy, and conversion against Defendant Exceeding Grace. ECF No. 17 (Second Amended Complaint). Presently before the Court is Defendant Exceeding Grace's letter-motion to stay discovery pending the outcome of Defendant Exceeding Grace's motion to dismiss for lack of personal jurisdiction. *See* ECF Nos. 28 (Letter-Motion to Stay); 24 (Motion to Dismiss).[1] For the reasons set forth below, Defendant Exceeding Grace's letter-motion to stay discovery is granted in part and denied in part.

## BACKGROUND

The Court assumes familiarity with the facts and history of this litigation and only provides a summary of the pertinent procedural history. *See Jakob v. JPMorgan Chase Bank, N.A.*, No. 22-cv-3921, 2022 WL 16798071 (E.D.N.Y. Nov. 8, 2022). On November 8, 2022, the

[1] Plaintiff joins in Defendant Exceeding Grace's motion to stay discovery. ECF No. 29.

Court granted in part and denied in part Defendant Chase's motion to dismiss. ECF No. 15. On November 16, 2022, Plaintiff filed an amended complaint naming Exceeding Grace as a defendant and asserting additional claims against it. ECF No. 17. On January 9, 2023, the Court entered a case management plan which set deadlines for discovery in the action. ECF No. 23. On January 20, 2023, Defendant Exceeding Grace filed a motion to dismiss. ECF No. 24-1.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(c), a district court "may stay discovery while a motion to dismiss is pending, but only if good cause is shown." *Friedman as Tr. of Ellett Bros., LLC v. Nexien, Inc.*, No. 21-cv-03292, 2021 WL 5910763, at *2 (E.D.N.Y. Nov. 9, 2021). In other words, the mere filing of a motion to dismiss does not warrant a stay of discovery absent good cause. "This mandate of a showing of good cause is critically important" because of the Court's obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." *Id.*; *see also* Fed. R. Civ. P. 1. "Indeed, a request to stay litigation appears to be the antithesis of that very command. . . . Accordingly, even when both parties consent to a stay, the court is under a duty to determine whether a stay is justified." *Friedman*, 2021 WL 5910763, at *2. Courts look to the following factors when considering whether a stay is warranted: "(1) whether there has been a strong showing that the claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay[;] (4) the nature and complexity of the action; and (5) the posture of the litigation." *Computer Assocs. Int'l, Inc. v. Simple.com, Inc.*, 247 F.R.D. 63, 69 (E.D.N.Y. 2007).

## DISCUSSION

Defendant Exceeding Grace asserts that it does not believe that it is subject to personal jurisdiction in New York and has moved to dismiss in lieu of answering. ECF No. 24-1

(Exceeding Grace Motion to Dismiss).  Following the issuance of the case management plan, Defendant Chase served various discovery demands upon Exceeding Grace.  In response, Exceeding Grace moved to stay discovery asserting that discovery presents "an unfair burden [by] forcing it to litigate this matter in New York."  ECF No. 28.

At a minimum, three of the five factors set forth in *Computer Assocs. Int'l*, 247 F.R.D. at 69,—two, three, and five—disfavor a grant of Defendant Exceeding Grace's motion.  Plaintiff alleges that Defendant Exceeding Grace is the "account holder of Plaintiff's funds," ECF No. 13 at 1, an allegation that it does not dispute.  *See* ECF No. 24-1 at 2 (Exceeding Grace Motion to Dismiss) ("The Wire Transfer identified [Exceeding Grace] as the beneficiary entity and provided account information for Exceeding Grace. . . .  Plaintiff has now sued to undo that transfer.").  Thus, the discovery Defendant Chase seeks from Exceeding Grace is indispensable to resolving the action and would be provided to the parties by third-party subpoena, even if Exceeding Grace is ultimately dismissed from this case.  Staying discovery would therefore be unfairly burdensome to Chase who has a right "to secure the just, speedy, and inexpensive determination of [this] action."  *Friedman*, 2021 WL 5910763, at *2.  However, the Court cannot conclude at this time that Exceeding Grace's claims are unmeritorious.  *See generally* ECF No. 24-1 (Exceeding Grace Motion to Dismiss) (arguing that Defendant Exceeding Grace is not a New York entity and has no presence in New York).  Accordingly, the Court limits discovery at this time by ordering the parties not to serve interrogatories or requests for admission pursuant to Federal Rules of Civil Procedure 33 and 36 on Defendant Exceeding Grace until the motion to dismiss is decided.  The scope of discovery is therefore limited to Rules 34(c) and 45.  To the extent that the parties have disputes about the scope of discovery, the parties are reminded to raise them in accordance with the Court's Individual Rules.

**CONCLUSION**

For the reasons stated above, Defendant Exceeding Grace's letter-motion to stay discovery is GRANTED in part and DENIED in part.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
March 7, 2023